Date signed January 06, 2010



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| In re: | | |
| Brian Shepard and | * | Case No. 09-17489 |
| Manjot Bains-Shepard, | * | |
| | * | |
| Debtors | * | Chapter 7 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| 10 W. Chase, LLC, | * | |
| a Maryland Limited Liability Company, | * | |
| | * | |
| Plaintiff | * | |
| v. | * | Adv. Pro. No. 09-00693 |
| | * | |
| Brian Shepard and | * | |
| Manjot Bains-Shepard, | * | |
| | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OF DECISION DENYING MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

Before the Court is the Motion of Creditor 10 W. Chase LLC for Leave to File Amended

Complaint to Determine Dischargeability of Debt (the "Motion") (Docket No. 4 in Adv. Pro. No.

09-693), and the Amended Opposition to Creditor 10 W. Chase LLC's Motion for Leave to File

Amended Complaint to Determine Dischargeability of Debt (the "Opposition") (Docket No. 9)

filed by Debtors Brian Shepard and Manjot Bains-Shepard, Defendants in this adversary

proceeding ("Debtors").  Also before the Court is Plaintiff's Reply to Defendants' Amended Opposition to Motion for Leave to File Amended Complaint (Docket No. 12) and Debtors' Supplemental Memorandum in Opposition (Docket No. 14).  The Court held a hearing on these matters on December 2, 2009.  For the reasons stated herein, the Court will deny the Motion.

## FACTS

The facts are not in dispute and are taken primarily from the docket in Debtors' bankruptcy case and this adversary proceeding.

Debtors filed a joint petition under Chapter 7 on April 28, 2009.  The Clerk's Office scheduled a meeting of creditors under Section 341 of the Bankruptcy Code[1] for June 3, 2009.

Docket No. 10 (in Case No. 09-17489) reflects that the Clerk issued a notice of the bankruptcy case on May 1, 2009.  The notice expressly stated that complaints objecting to discharge or to determine dischargeability of a debt must be filed by August 3, 2009.

Docket No. 10 further reflects that the notice was sent to Plaintiff as well as Gerald Waldman, who is alleged to be the manager of Plaintiff.  Plaintiff does not allege it did not receive timely notice of the bankruptcy case or the deadline to file a complaint to determine dischargeability of debts.

The bankruptcy case docket reflects, and there is no dispute, that the meeting of creditors was held as scheduled, and was concluded, on June 3, 2009.

On June 11, 2009, Anthony Wilson, an attorney, filed a document entitled "Notice of Objection" (the "Notice").  The Notice was filed on behalf of "10 W. Chase LLC, SB Fleet LLC, Dona Burney and Gerald Waldman."  Notice, p.1.  It contends that Debtor Brian Shepard "committed … fraud, misappropriation of funds, misrepresentations and other unlawful acts."

---

[1] All statutory references herein are to the Bankruptcy Code, 11 U.S.C. §101 *et seq*., as currently in effect.

2

*Id*. It states that "[i]in light of the Debtors [sic] misconduct, the bankruptcy petition should not be granted." *Id*. The "Wherefore" clause states that "Creditors by Notice of Objection petitions [sic] this Court to reject the bankruptcy petition." *Id.* at p. 4.

On June 12, 2009, this Court entered an order striking the Notice (the "Striking Order") (Docket No. 38 in Case No. 09-17489). The Striking Order stated that the Notice was stricken for three reasons. First, the Notice violated the Local Rules, did not seek a recognized form of relief, and was not in the form of a motion. Second, because the Notice failed to cite any authority, whether statutory, case law or otherwise, it failed to comply with the Local Rule requiring that points and authorities be filed with a motion. Third, it was improperly filed in paper form, rather than the electronic format required by this Court's procedures.

At the time the Court struck the Notice, 51 days remained during which a creditor could file a timely complaint to determine dischargeability of debt.

Plaintiff failed to file a complaint to determine dischargeability of debt by the August 3, 2009 deadline and, on August 5, 2009, Debtors received their discharge under Section 727.

On October 7, 2009, Plaintiff filed the Complaint to Revoke Discharge for Declaratory Relief to Determine Interest in Real Property and to Recover Property and Avoid Transfer (the "Complaint"), thereby initiating this adversary proceeding. The Complaint did not seek a determination that any debt owed by Debtors to Plaintiff would be excepted from discharge, although it did raise claims of fraud and breach of fiduciary duty. In any event, assuming that the complaint can be read as seeking a determination that Debtors' debt to Plaintiff should be excepted from discharge, it was untimely.

On November 4, 2009, Plaintiff filed the Motion. As an exhibit to the Motion, Plaintiff filed the Amended Complaint to Revoke Discharge, for Declaratory Relief to Determine Interest

3

in Real Property, to Recover Property and Avoid Transfer, to Determine Dischargeability of Debt and For Damages (the "Amended Complaint"). In the Motion, Plaintiff seeks a ruling that the Amended Complaint should be deemed an amendment to the Notice so that the nondischargeability claim will have been timely asserted.

## CONCLUSIONS OF LAW

In the Motion, Plaintiff 10 W. Chase LLC ("Plaintiff") requests an order allowing its Amended Complaint – which seeks, among other things, a determination that Debtors' alleged debt to Plaintiff is nondischargeable – to be deemed an amendment to the Notice filed on June 11, 2009. As stated above, the Court struck the Notice on June 12, 2009, fifty-one days before the August 3, 2009 deadline for filing complaints to determine dischargeability of debt established by Bankruptcy Rule 4007(c). Plaintiff failed to file a complaint to determine dischargeability of debt before that deadline. It now seeks to have the Amended Complaint deemed to relate back to the stricken Notice in order to render the Amended Complaint timely under Bankruptcy Rule 4007(c). In effect, therefore, Plaintiff seeks to do under the guise of a motion for leave to file the Amended Complaint what it cannot do under Bankruptcy Rule 4007(c).

In support of its Motion, Plaintiff initially cites Fed. R. Civ. P. 15(a), acknowledging that leave of the Court is required under the procedural facts of this case, and stating that "leave should freely be given when justice so requires." *See* Motion, p. 5, ¶ 7. Plaintiff then cites Fed. R. Civ. P. 15(c)(1)(B), which provides that an "amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." *See* Motion, p. 6, ¶ 8. Plaintiff contends that the claims in the Amended Complaint

4

arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the Notice and therefore the Court should allow the Amended Complaint to stand.  This argument fails on both procedural and substantive grounds.

The Court notes that there are actually two distinct, though necessarily interrelated, issues presented here: (1) what the effect was of the Striking Order; and (2) whether Plaintiff's untimely amended complaint should be deemed to "relate back" to that Notice. The second issue assumes, of course, that Plaintiff's initial filing (the Notice) remained viable after entry of the Striking Order.  The Court will address each issue in turn.

*Effect of the Striking Order*

In the Motion, Plaintiff does not address the legal status of the stricken Notice or in any way acknowledge the clear language of the Striking Order that "the Notice is STRICKEN from the record."  Striking Order, p. 2.   But it is well established that an order striking a pleading has the same effect as an order of dismissal.  *See*, *e.g*., *Bertucelli v. Carreras*, 467 F.2d 214, 215 (9th Cir. 1972)( "We see no difference, in purpose and effect, between an order striking an entire pleading and a dismissal order predicated upon fatally defective pleading."  *Id*. (citing *Skolnick v. Hallett*, 350 F.2d 861, 862 (7th Cir. 1965), *cert. denied* 382 U.S. 996 (1966), in which the appellate court affirmed the lower court's striking of a complaint under Rule 12(f) because it did not state a claim upon which relief could be granted.) [2] *See also Wood v. Several Unknown Metropolitan Police Officers*, 835 F.2d 340, 343 (D.C.Cir. 1987) (striking a pleading is tantamount to dismissal or a default judgment.)

---

[2] In *Bertucelli* the Ninth Circuit also said that when documents are stricken, "ample opportunity for amendment should be provided in all except the most unusual cases."  *Id*.  The 51 days from entry of the Striking Order (6/12/09) until the deadline for seeking a determination of dischargeability (8/3/09) allowed more than ample opportunity for the Plaintiff to file an appropriate complaint.

Plaintiff did not appeal the Striking Order nor, prior to the hearing on the Motion, did it seek reconsideration of the Striking Order. Accordingly, the Striking Order became a final order and remained so as of the date Plaintiff filed the Motion. At that point there was no viable complaint which Plaintiff could amend.

Plaintiff seems to have recognized this deficiency by the time of the hearing on the Motion on December 2, 2009. There, for the first time, Plaintiff conceded that it was really asking for reconsideration of the Striking Order. To the extent the Court treats Plaintiff's statement as an oral motion to reconsider the Striking Order, the Court will deny the oral motion. Plaintiff cited no authority in support of such a motion to reconsider. And the Court concludes that Plaintiff has not met its burden for seeking reconsideration under Fed. R. Civ. P. 59 and 60, made applicable here by Fed. R. Bankr. P. 9023 and 9024.

*Relation Back*

Although the foregoing is a sufficient and independent basis, standing alone, to deny the Motion, the Court will nevertheless address Plaintiff's relation back argument. As noted above, Plaintiff contends that the Amended Complaint meets the standards of Fed. R. Civ. P. 15(c)(1)(B) because the Amended Complaint "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading," namely, the Notice. This Court disagrees.

Albeit in a different factual context, the Fourth Circuit has explained that the language of Rule 15(c)(1)(B) requires not only that the relevant claim arise out of the conduct alleged in the original pleading, but also requires "adequate notice within the limitations period." *Goodman v.*

*Praxair, Inc.*, 494 F.3d 458, 468 (4th Cir. 2007).[3] The Fourth Circuit emphasized the importance of the "adequate notice" factor (grounded in the purposes and intent of statutes of limitations) when deciding whether proposed amendments can properly relate back to an original pleading.[4] The court stated that the requirements of Rule 15(c) "reflect a subtle and complex compromise of two competing policies," *i.e.*, the Rule 15(a) standard of liberal amendment, on the one hand, and the necessary recognition that "statutes of limitations are legislative determinations that give defendants predictable repose from claims after the passage of a specified time," on the other. *Id.* at 467. The *Goodman* court explained that "In light of these policies, Rule 15(c) must be understood to freely permit amendment of pleadings and their relation-back so long as the policies of statutes of limitations have been effectively served." *Id.* at 467-468. The court further explained: "The purpose of Rule 15(c) is to provide the opportunity for a claim to be tried on its merits, rather than being dismissed on procedural technicalities, when the policy behind the statute of limitations has been addressed." *Id.* at 468 (quoting *3 Moore's on Federal Practice* §15.19[3][a] (3d ed. 1997)). And it is "adequate notice within the limitations period" and assurance that the affected party "not be prejudiced by the passage of time" that effectively serves the policy of statutes of limitations. *Id.* It is precisely on those shoals – adequate notice and lack of prejudice – that Plaintiff's relation back argument founders.[5]

The Court finds and concludes that the Notice did not give adequate notice that the Plaintiff was seeking to except its debt from discharge under Section 523. To be blunt, the

---

[3] In *Goodman* the plaintiff sought to add a new party, whereas in the instant case Plaintiff seeks to state a new cause of action. Given the importance of the "notice" requirement, as shown by the following discussion, the factual difference is analytically irrelevant.

[4] This Court points out that in *Goodman*, unlike the instant case, there was still a viable pleading on the docket to which the proposed amendment could relate back.

[5] Or, more accurately, **would** founder if in fact there were still a document on the docket to which the proposed Amended Complaint could relate back.

7

Notice is so far removed from any recognized form of filing in a bankruptcy case that the Court is hard-pressed to state conclusively that it provides adequate notice of *any* request for relief. But, for several reasons, the Court understood at the time it entered the Striking Order, and concludes again now, that the Notice was an inartful and improper request to dismiss the bankruptcy case, and not an action to deny dischargeability of one debt.

First, the Notice was filed by four parties – 10 W. Chase LLC, SB Fleet LLC, Dona Burney and Gerald Waldman – only one of whom is the Plaintiff here. There would be no reason for SB Fleet LLC, Dona Burney and Gerald Waldman to join in an action by the Plaintiff seeking to deny dischargeability of its debt from Debtor. And, indeed, those parties did not join in the Complaint or Amended Complaint.

Second, the Notice states in the introductory sentence that it is a "Notice of Objection to the above-referenced bankruptcy petition." Notice, p.1. It states further that, because of Debtor Brian Shepard's fraud, the "bankruptcy petition should not be granted." *Id*. It asks the Court "to reject the bankruptcy petition." *Id*. at p.4. These statements led the Court to conclude at the time it entered the Striking Order that the four parties who filed the Notice were seeking dismissal of the bankruptcy case. Based on that understanding of the Notice, and because dismissal of a bankruptcy case is sought by motion, the Court stated in the Striking Order that the Notice violated Local Rule 9013-1, which requires parties to file a motion when requesting relief. Had the Court understood the Notice as seeking a determination of dischargeability of a debt, it would have stated in the Striking Order that the relief must be sought by way of a complaint initiating an adversary proceeding, in accordance with Fed. R. Bankr. P. 7001.

Third, similar to the foregoing, the Notice was not in the form of a complaint as required by Fed. R. Bankr. P. 7001. It did not initiate an adversary proceeding, which is the required form of relief for seeking a determination of nondischargeability.

Finally, allowing the Amended Complaint to amend the Notice would cause substantial prejudice to the Debtors. Permitting Plaintiff to initiate a nondischargeability action at this late date would undermine the policy implicit in the time limitation set forth in Bankruptcy Rule 4007(c). The rationale underlying this policy is well known. As one court stated, the time limits for taking certain actions are "especially appropriate in bankruptcy cases where the debtor seeking a fresh start needs to get on with life free of the burdens that caused the bankruptcy. It is for this reason that the Bankruptcy Rules provide the 60-day period of Rules 4004 and 4007 within which to initiate adversary proceedings to object to discharge or the dischargeability of debt." *In re Heinz*, 131 B.R. 38, 42 (Bankr.D.Md. 1991). Here, the deadline to file actions to determine dischargeability lapsed on August 3, 2009, with no action being filed against the Debtors. Even assuming the Notice could be considered to have put Debtors on notice that Plaintiff sought to except its debt from discharge, that Notice was struck 51 days before the deadline and was not revived – nor was any effort made to revive it – before the deadline. No pleading or other filing was pending as of the deadline. To allow the Amended Complaint to amend the Notice would circumvent the time limitations of Bankruptcy Rule 4007(c) and thereby substantially prejudice the Debtors.

Moreover, Plaintiff's cases do not support relief in this case.

Citing *Framingham UAW Credit Union v. Kelley* (*In re Kelley*), 46 B.R. 63 (Bkrtcy.E.D.Va. 1985), Plaintiff argues that "its proposed Amended Complaint should be allowed [to] relate back to the date of the Notice of Objection for purposes of the Bankruptcy

9

Rule 4007(c) time limit." Motion, p. 6, ¶ 9. In *Kelley*, unlike the instant case, an adversary proceeding was properly initiated by the filing of a "Complaint Objecting to Discharge," in which the plaintiff "sought relief in the form or a denial of the debtor's discharge pursuant to 11 U.S.C. §727." *Id.* at 64. Plaintiff filed a motion for leave seeking, in relevant part, to amend the title of the complaint from "Complaint Objecting to Discharge" to "Complaint Excepting to Dischargeability of a Debt" and changing the statutory reference in one paragraph of the original complaint from §727 to §523(a)(2)(A). *See id.* at 65. In opposing the motion, the defendant argued that granting leave to amend would allow the plaintiff "to circumvent Bankruptcy Rule 4007 which provides that the Court may 'for cause' extend the time for filing complaints to the dischargeability of debts as long as the motion is made before the time has expired." *Id.* at 67. The court noted that the last day for a motion to extend the time for filing a §523 complaint had passed before the plaintiff's motion for leave to amend was filed. Therefore, the defendant's argument was, in effect, that if the court were to allow the amendment, it would "be doing indirectly what it cannot do directly under Rule 4007." *Id.* Significantly, the court immediately stated that it "would find this argument more persuasive if no complaint whatsoever had been filed by [the Rule 4007 deadline date]," but the original complaint did meet that deadline. *See id.* Accordingly, the court granted leave to amend.

    The *Kelley* court then turned to the question whether the amended complaint should relate back to the initial complaint, and stated the relevant inquiry as follows: "the amended complaint should relate back to the initial time of filing if the Court can find that the complaint gave the defendant 'adequate notice' of the claim which the plaintiff attempted to set forth in the original pleading." *Id.* The *Kelley* court found that "the original complaint [gave] the defendant adequate notice of the claim attempted to be set forth in that pleading." *Id.* This is decidedly not

so in the instant case.  The Court finds that the Notice of Objection, with its request that the Court "reject the bankruptcy petition," provided no notice that Plaintiff intended to seek a determination of dischargeability.

Next citing *In re Sherf*, 135 B.R. 810 (Bankr.S.D.Tex. 1991), and alleging that it is "[s]imilar to this case," Plaintiff argues that "it is reasonably clear that Plaintiff's prior counsel attempted to state a complaint objecting to dischargeability of Defendant's debt to Chase within the permitted time period."  Motion, p. 8, ¶¶ 12 and 13.  *Sherf* does not support Plaintiff's Motion.

Plaintiff's reliance on *Sherf* is based on a selective reading of that case.  Plaintiff notes that its stricken Notice contained some factual allegations that could support a cause of action seeking a determination of nondischargeability, and simply asserts that those factual allegations "would support the filing of such a complaint and . . . would also provide notice of the nature of Chase's claims."  Motion, p. 8, ¶ 13.  As the Court has already ruled, however, the Notice did not, in fact, provide any notice of a nondischargeability action.  Plaintiff's argument would have it that a party served with a document stating a specific prayer for relief that "petitions th[e] Court to reject the bankruptcy petition" (Notice, p. 4) should ignore that language and interpret it as a complaint seeking a determination of dischargeability if the document contains factual allegations that could provide support for a nondischargeability action.  This, of course, is not – and could not reasonably be – the rule of interpretation.

In *Sherf*, the timely-but-ineffective "objection" was followed by a timely "complaint" stating the same cause of action as the late-filed complaint.  In holding that the late-filed complaint should be deemed to relate back to the timely-filed complaint, the court noted that the first complaint (and, for that matter, the "objection") specified that they were intended to initiate

11

an adversary proceeding objecting to the debtors' discharge, thereby providing the requisite notice. Again, no such notice was even arguably provided in the instant case by Plaintiff's Notice of Objection.

## CONCLUSION

Entry of the Court's Striking Order left Plaintiff in the same position as if it had never filed the Notice. Therefore, nothing remained on the docket for the Amended Complaint to relate back to. Furthermore, even if the Notice were still on the docket, Plaintiff's argument that its Amended Complaint should relate back to the Notice would fail.

Accordingly, for the reasons set forth in this Memorandum of Decision, the Court will deny the Motion. An Order consistent with this Memorandum of Decision shall issue forthwith.

**Copies to:**

Office of the U.S. Trustee
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770

Steven H. Greenfeld
Cohen, Baldinger & Greenfeld, LLC
7910 Woodmont Avenue
Suite 1103
Bethesda, MD 20814

Kenneth C. Crickman
1625 Massachusetts Avenue, N.W.
Suite 425
Washington, DC 20036

Michael G. Dana
The Fried Law Firm, P.A.
4550 Montgomery Avenue
Suite 710
Bethesda, MD 20814

Brian Shepard
205 Granville Drive
Bethesda, MD 20814

Manjot Bains-Shepard
205 Granville Drive
Bethesda, MD 20814